Inland Counties Legal Services
Walter Hackett SBN 230607
Darrell Moore SBN 136845; Irene C. Morales SBN 68915
1040 Iowa Ave.
Riverside, CA. 92507
Telephone: (951) 368-2555
Facsimile: (951) 368-2550
whackett@icls.org

Attorneys for Plaintiff,
KATHERINE C. JOHNSON

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA (Southern Division)

| | |
|---|---|
| KATHERINE JOHNSON, an individual<br><br>Plaintiff<br><br>vs.<br><br>WELLS FARGO BANK, N.A. as Successor in Interest to WACHOVIA MORTGAGE; CAL-WESTERN RECONVEYANCE CCORPORATION, a California Company and DOES 1 - 30, Inclusive,<br><br>Defendants | CASE NO.: **8:11-cv-01052-JST -RNB**<br><br>(PROPOSED) FIRST AMENDED COMPLAINT FOR:<br><br>1. DECLARATORY RELIEF;<br>2. FRAUD;<br>3. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200. |

In this case no contract was ever formed between the parties, including any predecessors in interest of defendant Wells, under California law. Employees of defendant WELLS FARGO BANK, N.A.'s ("Wells") predecessor in interest, WACHOVIA MORTGAGE, FSB, ("WMF"), engaged in aggressive sales tactics including making material misrepresentations of the terms of credit which plaintiff, KATHERINE JOHNSON, was to receive. Defendants concealed the actual material terms of the loan they were attempting to sell plaintiff. They engaged in misrepresentation

-1-
(PROPOSED) AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

and concealment for the sole purpose of convincing plaintiff to sign loan documents heavily favoring defendants and took taking any and all steps necessary to preclude her from discovering the material misrepresentations of essential terms and concealed essential terms of the mortgage loan. They took additional steps calculated to ensure that Casey would have no "reasonable opportunity," as that term is defined under California law, to discover the misrepresented and concealed essential loan terms thereby perfecting their "bait and switch" of loan terms favoring defendants to the detriment of plaintiff. Such actions resulted in a complete and utter lack of any contract formation as the acts are nothing more than an example of facts establishing a contract that was and is void ab initio. Further, Casey is a disabled individual under California law who is all too readily subject to the influence of those who portray themselves as trusted financial advisers as defendant Wells has repeatedly done. Casey initially filed an action to preclude defendants, including Wells, from conducting an improper and unlawful non-judicial sale of her residence and, thereafter, Wells made a written offer to her inviting her to apply for a loan modification. Casey took advantage of this offer, responded directly to the letter she received and as the letter instructed however Wells, in a gross violation of California's unfair and deceptive practices laws, as well as violation of Wells' consent order with the Office of the Comptroller of the Currency, "dual-tracked" the process and conducted a sale of the residence approximately two weeks after Casey submitted all requested materials to Wells.

## GENERAL ALLEGATIONS

1. On or about January 26, 2008, defendant Wells, by and through its employees or agents, induced plaintiff through fraud and deceit, to execute certain purported loan documents which documents contained essential loan terms that had been misrepresented to or concealed from plaintiff. Such employees additionally took steps to ensure that Casey would have no reasonable

-2-
(PROPOSED) AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

opportunity to discover the misrepresented or concealed material terms. Amongst the essential terms that had been misrepresented or concealed were;

    a. The fact the initial loan payments were not sufficient to pay all monthly accrued interest on the loan,

    b. The loan balance would increase for each month in which the "minimum" payments were made,

    c. That in any case the loan payments were certain to increase substantially based on market factors over which plaintiff had no control and

    d. That all of the loan terms reflected in the documents were consistent with the representations that had been made to plaintiff.

    e. That the loan terms were, in fact, reasonable and any future payments could be made by plaintiff based on her actual income at the time she was first solicited by defendants.

2. Immediately prior to January 26, 2008, employees and/or agents of Wells utilized their sales training and any other means necessary to gain the trust of plaintiff and induce her into believing that they were individuals whose word she could rely on without question thereby creating a fiduciary relationship with plaintiff..

3. Under California law the use of methods intended to garner trust can and did give rise to a fiduciary relationship between the Wells employees and/or agents. Because plaintiff is wheelchair bound most of the communications involved took place via telephone thereby increasing plaintiff's reliance on the representations made to her by defendant's employees and agents.

4. Wells took further steps to ensure plaintiff would sign the loan documents without reviewing them by arranging to have the documents signed in a matter of minutes utilizing a

"mobile notary." Such "notary" represented to plaintiff that the notary was pressed for time and that any questions about loan terms set forth in the loan documents could be addressed after the documents were signed. In this fashion Wells was able to secure plaintiff's signatures on the documents by ensuring she would have no reasonable opportunity to review the documents and discover the essential terms that had been misrepresented to or concealed from her.

5. Plaintiff is informed and believe and thereon alleges each of the following:

    a. Defendant WELLS FARGO, N.A., is a national banking association headquartered in San Francisco, California and maintains hundreds of offices throughout the state.

    b. Defendant CAL-WESTERN RECONVEYANCE CORPORATION ("CWR") is a California corporation and purports to be the "Trustee" of the putative Deed of Trust though there is no record of them being substituted in as Trustee in the records of the County Recorder of Orange County.

    c. The original and actual Trustee of the Deed of Trust is GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO., a California corporation as shown in document # 200800046617 as the same is recorded in the records of the Orange County Recorder's office.

6. Plaintiff is and all time has been the owner, in fee, and occupant of real property located at 8381 Norfolk Dr., in the city of Huntington Beach, Orange County, California with a zip code of 92646. The legal description of such property is:

> Lot(s) 31 of Tract No. 757, in the City of Huntington Beach, County of Orange, State of California, as per map recorded in Book 288 Page(s) 49 and 50, of Miscellaneous Maps, in the office of the County Recorder of said County.
>
> EXCEPT therefrom all oil, gas, minerals, and other hydrocarbon substances lying below the surface of said land, but with no right of surface entry, as provided in

-4-
(PROPOSED) AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

deeds of record.

7.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 – 30 Inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and based thereon alleges each of the fictitiously named defendants is responsible in some manner for the injuries to plaintiff alleged herein and that such injuries as herein alleged were proximately caused by such defendants.

8.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned *each of the defendants was the agent and employee of the remaining defendants*, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

### FIRST CLAIM FOR RELIEF – DECLARATORY RELIEF
(AS against Wells, CWR and one or more Doe defendants)

9.      Plaintiff hereby incorporates by this reference each and every other paragraph contained in this complaint as if the same were fully set forth herein.

10.     The allegations set forth, supra, presumed true show that no contract was ever formed between Casey and Wells or its predecessor in interest. Plaintiff is informed and believes and thereon alleges it is the law of the state of California that where the essential terms of a contract are misrepresented to or concealed from the signer and the signer is not afforded a reasonable opportunity to discover the same then the signer is the victim of fraud in the factum or execution and the purported document is deemed void ab initio. Plaintiff alleges this is the holding of the California Supreme Court in the matter of Rosenthal v. Great Western.

11.     Presuming plaintiff's allegations are true then there is a real and present controversy

-5-
(PROPOSED) AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

as to the respective rights of the parties to this matter including right, title and interests in and to the Property as well as any right, arising out of contract, to payment of any amounts that have been received by or that are claimed by defendants. If no contract existed between the parties then any trustee's sale conducted by or on behalf of defendant was void at its instance.

12. In that plaintiff has alleged there is no legally cognizable contract between the parties then any and all actions taken by defendants concerning the real property at issue herein was and is unlawful and is, therefore, without any legal force or effect. Such actions include but are not limited to the filing of a Notice of Default predicated solely on the terms of the void Deed of Trust and a subsequent Notice of Trustee's Sale. As the Deed of Trust is a nullity so too are the Notices and any sale conducted pursuant to such notices.

13. Plaintiff is informed and believes and thereon alleges that pursuant to California statutory and decisional law ANY power of attorney as to interests in real property, with the exception of a leasehold interest of one year or less, must be in a writing which writing must be duly acknowledged and recorded in the records of the county recorder where the real property is located. Plaintiff is further informed and believes and thereon alleges that CWR holds no such Power of Attorney whether recorded or not and, as such, even if the Deed of Trust were not a void instrument that the Substitution of Trustee, via which CWR appoints itself as Trustee, is legally defective and therefore void. Plaintiff seeks a ruling from the Court as to this issue and as to whether or not such a document constitutes a likely violation of California Penal Code section 115.

14. Plaintiff therefore seeks an order from the Court finding that the documents signed by Plaintiff were void ab initio and are without any legal force or effect as well as an order holding the Notice of Default, Substitution of Attorney and Notice of Trustee's Sale which were executed by CWR are and were at all times legally void and that the Substitution of Attorney is likely evidence of a violation of California Penal Code section 115.

## SECOND CLAIM FOR RELIEF –FRAUD
(AS against Wells and one or more Doe defendants)

15. Plaintiff hereby incorporates by this reference each and every other paragraph contained in this complaint as if the same were fully set forth herein.

16. Following the filing of the instant action defendant Wells both through its counsel and directly contacted Plaintiff to offer her an option to apply for a loan modification. This offer came in the form of a letter from Wells to plaintiff and it invited her to seek a loan modification by sending various income and asset information, including supporting documentation, to a specified address identified in the letter.

17. Believing Wells intended to consider her for a loan modification potentially obviating the need for the instant litigation plaintiff mailed all requested documents to the address identified in the letter from Wells.

18. Approximately two weeks after plaintiff mailed all requested documents to Wells it conducted or caused to be conducted a Trustee's Sale of the property.

19. Wells sent the letter inviting plaintiff to apply for a loan modification for the purpose of inducing her to rely on the representations made therein and specifically so that she would take no further action to protect her property interests.

20. Plaintiff did rely on the representations made in the letter and believed that Wells would, in fact, consider her for a loan modification.

21. At no time did Wells make the representations set forth in the letter believing them to be true.

22. Plaintiff's reliance on the representations made in the letter resulted in her reliance on them and her taking no further action, including seeking injunctive relief from this court, to protect her property interest.

-7-
(PROPOSED) AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

23. As a direct result of her reliance on the representations made by Wells plaintiff has been harmed in an amount to be determined via proof to be presented at trial but in no case less than $250,000.00.

24. The actions of defendants as herein described, was so vile, base, contemptible, miserable, wretched and loathsome that it would be looked down upon and despised by ordinary people. Plaintiff is therefore entitled to punitive damages in an amount appropriate to punish defendants and to deter others from engaging in similar conduct.

**THIRD CAUSE OF ACTION - VIOLATION OF CA. BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ**
**(Against Wells and one or more Doe defendants)**

25. Plaintiff hereby incorporates by this reference *each and every other paragraph contained in this complaint as if the same were fully set forth herein.*

26. Defendants entered into a Consent order with the Office of the Comptroller of the Currency wherein they expressly agreed they would not engage in the practice of "dual trakcing."

27. Dual tracking is the practice of engaging a homeowner in the process of applying for a loan modification while continuing the foreclosure process.

28. Wells specifically and fraudulently invited Plaintiff to apply for a loan modification while continuing the foreclosure process and, in fact, actually scheduling a foreclosure sale to take place less than 30 days after inviting her to apply for a modification.

29. The representations of defendants to Plaintiff that she would be considered for a loan modification were false at the time they were made, continued to be false thereafter and were made for the purpose of deceiving Plaintiff and inducing her to rely on such representations and, based upon such reliance, to take no action to protect her interests in the subject property.

30. Defendants' actions were intended to deceive Plaintiff and lead her to believe she would be considered for a loan modification and that no action would be taken to foreclose upon her home while the modification process was ongoing.

31. As a direct and proximate result of the actions of defendants, and each of them, stated above, Plaintiff has been injured in that a cloud has now been placed upon title to Plaintiff's Property and defendants have failed to remove this cloud from Plaintiff's title by rescinding the trustee's sale they caused to take place.

32. Plaintiff is entitled to an order compelling Wells and any other defendants claiming an interest in and to the Property to take any and all actions necessary to remove the cloud they have placed upon her title and an order enjoining such defendants from taking such actions again in the future.

WHEREFORE, Plaintiff prays as follows:

FIRST CAUSE OF ACTION

1. For a finding and order that no Contract was ever formed between Plaintiff and Wells or its predecessor in interest;

2. For an order holding that absent a valid contract any actions taken by defendants including any trustee's sale was and is a legal nullity;

SECOND CAUSE OF ACTION

1. For special damages according to proof;

2. For general damages according to proof;

3. For punitive and exemplary damages according to proof.

THIRD CAUSE OF ACTION

1. For injunctive relief as the court deems appropriate;

ON ALL CAUSES OF ACTION

1. For costs of suit incurred herein;

2. For such other and further relief as the court may deem proper.

_____
Walter Hackett
Attorney for Plaintiff, Katherine C. Johnson

-10-
(PROPOSED) AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES